UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FINDLER IV,

    Plaintiff,

v.

CHRISTOPHER WRAY, *et al.*,

    Defendants.

Case No. 19-cv-11498
Hon. Matthew F. Leitman

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 26); (2) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 27); (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF NO. 23); AND (4) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 13.)**

In this action, Plaintiff Joseph Findler IV alleges that Defendants Christopher Wray, the Director of the Federal Bureau of Investigation, Timothy Slater, the Special Agent in charge of the FBI's Detroit Field Office, and 500 John Doe Defendants (including approximately 100 law enforcement officers) have monitored his movements and facial expressions, rifled through his emails and other personal electronic information, and otherwise subjected him to "a widespread harassment and stalking campaign" or were deliberately indifferent to that campaign. (Compl. at ¶8, ECF No. 1, PageID.4.) More specifically, Findler alleges that hundreds of Defendants used a Facebook Group that has over "100 million members" to

1

"terrorize, stalk, harass and conduct psychological warfare on [him]." (*Id.*) Among other things, Findler says that the Defendants "track[ed his] movements anywhere he went, ate, said, drank, bought, communicated," "monitor[ed] his facial expressions, movements, personal behavior, voice, and sound" through the microphone and camera in his cellular phone, obtained his "personal information [] illegally and without cause," and "unlawfully electronically intercept[ed], access[ed], [and] surveille[d his] phone calls, text messages, emails and internet usage." (*Id.* at ¶¶ 4, 10, ECF No. 1, PageID.4-5, 9-10.) Findler further alleges that after he told the FBI about the Facebook Group, the group was mysteriously and suspiciously "deleted." (*Id.* at ¶9, ECF No. 1, PageID.5.) He then says that after the Facebook Group was deleted, he went to "Tios, a restaurant in Ann Arbor, Michigan" where a waitress named Pam told Findler "'[a]t least its over' in regards to the Facebook Group." (*Id.*)

On July 29, 2019, Defendants moved to dismiss Findler's Complaint. (*See* Mot. to Dismiss, ECF No. 13.) Among other things, Defendants argue that the Court should dismiss Findler's "for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1) because the claims are "frivolous and implausible" (*Id.*, PageID.69.) Defendants further argue, in the alternative, that the Court should dismiss Findler's claims under Federal Rule of Civil Procedure 12(b)(6) "because [Findler] fails to plead sufficient factual allegations to state a plausible claim for

relief." (*Id.*) Findler filed a response to the motion on August 13, 2019 (*see* Resp., ECF No. 15), and he filed an amended response on August 20, 2019. (*See* ECF Nos. 18, 19.)

On September 19, 2019, Findler filed a motion for leave to file a First Amended Complaint. (*See* Mot. for Leave, ECF No. 23.) He attached a copy of his proposed amended pleading to his motion. (*See id.*, PageID.131-203.) Findler argues that he should be allowed to file the First Amended Complaint in order to correct certain grammatical and typographical errors and "to add supporting information and facts" to his initial allegations. (*Id.*, PageID.128.)

Both motions were referred to the assigned Magistrate Judge. (*See* Order, ECF No. 5.) On November 13, 2019, the Magistrate issued a report and recommendation (the "R&R") in which he recommended that the Court (1) deny Findler's motion for leave and (2) grant Defendants' motion to dismiss. (*See* R&R, ECF No. 26.)

The Magistrate Judge recommended that the Court grant Defendants' motion to dismiss. (*See id.*, PageID.229-234.) The Magistrate Judge first determined that the Court "lack[ed]" subject matter jurisdiction over Findler's claims" because those claims were "frivolous." (*Id.*, PageID.231.) He therefore recommended that the Court grant Defendants' motion and dismiss Findler's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (*See id.*)

The Magistrate next determined that "[e]ven if the Court ha[d] subject matter jurisdiction over Findler's claims," the Court should still dismiss those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*) The Magistrate Judge concluded that "Findler fail[ed] … to provide any factual allegations from which the Court [could] draw the reasonable inference that any of the Defendants are liable for any misconduct." (*Id.*, PageID.232.)

The Magistrate Judge also recommended that the Court deny Findler's motion for leave to file his proposed Amended Complaint. (*See id.*, PageID.228-229.) He determined that the proposed First Amended Complaint was "futile" because it "would still be susceptible to dismissal for the same reasons asserted in the pending motion to dismiss." (*Id.*, PageID.229.) He further concluded that the proposed First Amended Complaint "failed to state a claim upon which relief could be granted." (*Id.*)

Findler filed timely objections to the R&R on November 25, 2019 (the "Objections"). (*See* Objections, ECF No. 27.) Findler raises three specific objections in the R&R:

- Findler "objects to the Magistrate Judge's … finding that [Findler's] Motion for Leave to File [a] First Amended Complaint should be denied" (*id.*, PageID.243-245);

- Findler "objects to the Magistrate Judge's … finding that the Defendant's [sic] Motion to Dismiss should be granted under Fed. R. Civ. P. Rule 12(b)(1)" (*id.*, PageID.245-253); and

- Findler "objects to the Magistrate Judge's … finding that the Defendant's [sic] Motion to Dismiss should be granted under Fed. R. Civ. P. Rule 12(b)(6)" (*id.*, PageID.253-265).

The Court has carefully both reviewed Findler's Objections and concludes that they are without merit. The Court therefore **OVERRULES** the objections, **ADOPTS** the recommended disposition of the R&R, **DENIES** Findler's motion for leave to amend his Complaint, and **GRANTS** Defendants' motion to dismiss.

Simply put, even if the Court concluded that it had subject matter jurisdiction over Findler's claims, and even if the Court allowed Findler to file his proposed First Amended Complaint, Findler still would fail to state a cognizable claim against the Defendants. As the Magistrate Judge aptly explained, Fidler's allegations against the Defendants are built on a series of "conclusory assumptions" and inferences that the FBI, and employees at the highest level of the FBI, are surveilling Findler and are engaged in a massive conspiracy to allow members of a Facebook Group to stalk and harass him. (R&R, ECF No. 26, PageID.234.) Crucially, what is missing from Findler's allegations are *facts* that would "raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Findler has therefore failed to "state a claim to relief that is

5

plausible on its face" in either his Complaint or his proposed First Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Findler responds in the Objections that his allegations do state plausible claims because it is "self-evident" that only the FBI could be responsible for some of the actions that were taken against him. (Objections, ECF No. 27, PageID.244.) He further insists that his allegations are based on "reasonabl[e] infer[ences]" that the FBI was (1) aware of the Facebook Group that Findler says was targeting him and (2) was communicating with the members of that group. (*Id.*, PageID.259-260.) The Court disagrees. Findler's threadbare inferences are not enough to state viable claims against the Defendants. Nor are Findler's inferences and assumptions that he makes throughout his Complaint and proposed First Amended Complaint "reasonable." Absent specifically pleaded *facts* that could support Findler's claims against the Defendants, the Court cannot conclude that those claims are either "self-evident" or plausible.

Accordingly, for all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Findler's Objections to the R&R (ECF No. 27) are **OVERRULED;**
- The recommended disposition of the R&R (ECF No. 26) is **ADOPTED**;

- Findler's motion for leave to file a First Amended Complaint (ECF No. 23) is **DENIED**;

- Defendants' motion to dismiss Findler's Complaint (ECF No. 13) is **GRANTED**; and

- Findler's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: December 20, 2019

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2019, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (810) 341-9764